IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE THEO JOHNSON,<br><br>Defendant / | No. CR-07-0156 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR TIME CREDIT UNDER § 3585** |

The Court is in receipt of defendant Prince Theo Johnson's "Motion for Time Credit Under § 3585," filed November 14, 2013. Having read and considered the motion, the Court rules as follows.

A district court "lack[s] authority" to consider a request for credits under § 3585 in the first instance. See United States v. Checchini, 967 F.2d 348, 349 (9th Cir. 1992). Rather, a federal prisoner who is dissatisfied with the computation of his credits must first seek "administrative review of the computation" from the Bureau of Prisons, and, only after "exhausting [his] administrative remedies," may he seek "judicial review of [the] computations." See United States v. Wilson, 503 U.S. 329, 335 (1992). Any such motion for judicial review must be filed in the district in which the prisoner is incarcerated. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (holding challenge to "execution of a sentence" must be filed "in the district where he is confined"); United States v. Espinoza,

866 F.2d 1067, 1071 (9th Cir. 1988) (holding challenge to Bureau of Prison's computation of credits is challenge to "execution of [a] sentence").

Here, defendant does not contend, let alone show, he has exhausted his administrative remedies. Moreover, even if he had exhausted his administrative remedies, defendant is incarcerated in a federal penitentiary located in Adelanto, California, which is in the Central District of California.

Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 6, 2013

MAXINE M. CHESNEY
United States District Judge